USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOES, MARY ROES, and SIMILARLY SITUATED VICTIMS,

      Petitioner,

-against-

WILLIAM BARR, *in his official capacity*,

      Respondent.

20-CV-3067 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  On April 16, 2020, Petitioners "John Does and Mary Roes"—who identify as "citizens of the United States as victims or potential victims under the attack of such deadly pandemic of Covid19"—filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651 on behalf of a putative class of "hundreds of thousands Covid19 Pneumonia Patients as victims who have been deliberately or recklessly, excluded from receiving such proven best medication as of Hydroxychloroquine." Dkt. 1 at 1. Petitioners seek a writ of mandamus "to direct the Respondent Attorney General His Excellency William Barr to form a task force from the U.S. Department of Justice to conduct criminal investigation upon those who should be held accountable for contributing to skyrocketed number of unnecessary Covid19 deaths by intentionally or recklessly ban or restrict the Hydroxychloroquine." *Id*. at 9. Petitioners also seek an "injunction to lift all unnecessary restrictions in any form under any unsubstantiated, ungrounded excuses, regardless its being illusionary, insane, of stupidity or of ignorance, upon such best ever drug as anti-viral, life saving, well established pill as Hydroxychloroquine," as well as an injunction to "[e]liminate any restrictions and bans on Hydroxychloroquine for its availability to each and every person in the United States who has been infected with Corona

Virus." Finally, Petitioners seek a declaration that "banning or restrictive state executive orders such as the one in the State of Navada [sic] and the State of New York, and elsewhere, are unconstitutional and therefore be abolished and repealed by this Court's Injunction," as well as a declaration that "no person shall be deprived his constitutional rights to receive the best ever medication, such as Hydroxychloroquine, reasonably available, under the equal protection of his rights to life as paramount interests under 14th Amendment." *Id*.

On May 21, 2020, Petitioners filed a "Motion to Show Cause and for Show Cause Hearing Why Should Judicial Intervention to Remove Obstacles in Saving American Lives for Covid 19 Patients Not Be Taken Immediately." Dkt. 6. Petitioners move the Court to order a show cause hearing, "held in person, rather than electronically," at which Petitioners would invite various scientific experts to testify. *Id*. at 1-2.

## LEGAL STANDARD

28 U.S.C. § 1651 provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1361 states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

"[M]andamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes 'a clear nondiscretionary duty.'" *Escaler v. U.S. Citizenship & Immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "A party who seeks a writ of mandamus must show a 'clear and indisputable right' to its issuance." *Id*. (quoting *Miller v. French*, 530 U.S. 327, 339 (2000)).

## DISCUSSION

Petitioners fail to establish that they are owed "a clear nondiscretionary duty" or that they have faced the violation of any "clear and indisputable right" that would justify the "extraordinary remedy" of mandamus.  *Id*.  Petitioners argue that "state executive orders to either ban or restrict the usage, by keeping the supermajority, or by keeping any single equally protected citizen, outside the recipients of [hydroxychloroquine], should be deemed unconstitutional in gross violation of 14th Amendment of Equal Protection as to the protection of American citizens' most fundamental rights to life."  Dkt. 1 at 6.  They also contend that the exclusion of "most American Covid19 Patients from receiving life-saving medicine has also violated these Plaintiffs' civil rights under 42 USC 1981."  *Id*.  Petitioners cite no authority, however, for the proposition that a government entity violates either the Fourteenth Amendment or 42 U.S.C. § 1981 when it limits the use of an experimental drug during an outbreak of infectious disease.  To the contrary, "the police power of a state must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and the public safety."  *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 (1905).  Nor do Petitioners cite any authority for the proposition that this Court possesses mandamus jurisdiction to order Attorney General Barr to form a Department of Justice task force to criminally investigate officials who have banned or restricted hydroxychloroquine, or that Attorney General Barr and the Department of Justice have failed to perform a clear, nondiscretionary duty owed to Petitioners.  *See Marinoff v. Dep't of Health, Ed. & Welfare*, 456 F. Supp. 1120, 1122 (S.D.N.Y. 1978), (denying petition for writ of mandamus to compel an investigation by the Department of Health, Education and Welfare (HEW) into whether a

3

chemical substance can serve as a cure for cancer, because "[i]t cannot . . . be said that HEW exercised its discretionary authority in an impermissible fashion by declining to undertake an investigation of the substance in question here"), *aff'd*, 595 F.2d 1208 (2d Cir. 1979).

Moreover, to the extent that Petitioners seek a writ of mandamus compelling state officials to lift restrictions on hydroxychloroquine, such a writ falls outside the bounds of 28 U.S.C. § 1361, which by its express terms only authorizes district courts to "compel an officer or employee *of the United States or any agency thereof* to perform a duty." (emphasis added). "It is well-settled that 'federal courts have no general power to compel action by state officials.'" *Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*, No. 05-CV-7314 (LBS), 2008 WL 4387808, at *8 (S.D.N.Y. Sept. 24, 2008) (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988)); *see also Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty.").

To the extent that the petition may also be understood as a motion for a preliminary injunction enjoining New York, Nevada, or other states from restricting hydroxychloroquine, it is also denied. As an initial matter, no state or local official is named as a party to this action, and Petitioners plead no cause of action under 42 U.S.C. § 1983. Yet even if those deficiencies were cured, Petitioners have failed to establish a "likelihood of success on the merits," a necessary condition to securing injunctive relief. *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25 (2d Cir. 2018). Like a writ of mandamus, an injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id*. (quoting *Sussman v. Crawford*, 488 F.3d 136,

4

139 (2d Cir. 2007)).  As described above, state officials have broad police powers to impose health and safety measures during outbreaks of infectious disease.  *See Jacobson*, 197 U.S. at 25.  Judicial scrutiny is appropriate only where state measures "purporting to have been enacted to protect the public health, the public morals, or the public safety, has no real or substantial relation to those objects, or is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law."  *Id*.  Petitioners have failed to make such a showing.

Finally, the Court denies Petitioners' request for a declaratory judgment.  "The Declaratory Judgment Act confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Peconic Baykeeper, Inc. v. Suffolk County*, 600 F.3d 180, 187 (2d Cir. 2010) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)) (internal quotations omitted).  "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."  *Wilton*, 515 U.S. at 288.  In light of the fact that the Court concludes that Petitioners have failed to plausibly establish any violation of the Fourteenth Amendment or 42 U.S.C. § 1981, it hereby exercises its discretion to deny declaratory relief.

## CONCLUSION

For the foregoing reasons, Petitioners' petition for a writ of mandamus is denied, as is Petitioner's request for injunctive and declaratory relief. In light of the fact that the Court concludes that the underlying petition lacks merit, Petitioners' motion for an order to show cause hearing is also denied. The Clerk of Court is respectfully directed to terminate the motion at Docket Entry 6 and close this case.

SO ORDERED.

Dated:   October 9, 2020
         New York, New York

                                            Ronnie Abrams
                                            United States District Judge